**CHRIS H. STEWART** (Ark. Bar No. 03-222)
arklaw@comcast.net
*Admission Pro Hac Vice*
**STEWART LAW FIRM**
904 Garland Street
Little Rock, AR 72201
Telephone: (501) 353-1364
Facsimile: (501) 353-1263

**DAVID R. OWENS,** State Bar No. 180829
dowens@owenstarabichi.com
**BRUNO W. TARABICHI,** State Bar No. 215129
btarabichi@owenstarabichi.com
**OWENS TARABICHI LLP**
111. N. Market St., Suite 730
San Jose, California 95113
Telephone:    408.298.8200
Facsimile:    408.521.2203

Attorneys for Defendants
P.S. Products, Inc. and Billy Pennington

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANSICO DIVISION

| | |
|---|---|
| ALIBABA.COM HONG KONG LIMITED, a Hong Kong Corporation and ALIABABA.COM, INC., a Delaware corporation<br><br>Plaintiffs,<br><br>v.<br><br>P.S. PRODUCTS, INC., an Arkansas corporation, and BILLY PENNINGTON, an individual,<br><br>Defendants. | CASE NO. CV-10-04457 WHA<br><br>**DEFENDANTS RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND CASE MANAGEMENT ORDER AND FILE SECOND AMENDED COMPLAINT** |

1

### I. Procedural History and Background

On August 13, 2010, the Defendants, P.S. Products, Inc., and Billy Pennington filed the original action in this matter in the United States District Court for the Eastern District of Arkansas, Styled, *P.S. Products, Inc., et. al. v. Alibaba.com, et. al.*, 4:10-CV-1149(JMM). Whereby the Defendants filed suit against the Plaintiffs for direct, indirect and contributory patent infringement. That that case was dismissed upon motion.

On October 1, 2010, Plaintiffs filed a Complaint to seek Declaratory Judgment of Non-Infringement of the Defendants' patents, numbers, U.S. Patent Nos. D561,294 S, D576,246 S and D611,115 S. The Defendants counterclaimed for patent infringement. The Plaintiffs amended its complaint on December 22, 2010. On May 6, 2011, this Honorable Court issued a Case Management Order, setting the deadline for the parties to amend its pleadings as June 30, 2011. The fact discovery deadline is March 30, 2012, less than 40 days away. Trial is set to begin on June 28, 2012.

Comes now the Plaintiffs seeking to once again amend its complaint over a year and four months since filing the original action. Additionally, the Plaintiffs seek to amend their complaint near the end of the discovery period, whereby discovery in this matter has been costly and time consuming on both parties given the fact that the Plaintiffs are headquartered in San Francisco, California, and mainland China with the Defendants headquartered in Little Rock, Arkansas.

The claim which the Plaintiff hopes to include is futile. Additionally, the claim is made in bad faith to simply bully the Defendants in the litigation and to drive up the Defendants' litigation and travel costs. The Defendants are a small company formed by two men and have only twelve employees. The Defendants' gross sales barely approach five million dollars per

year. Whereby the Plaintiffs are a company owned partly by Yahoo with offices all over the world whose revenues are in the multi-millions of dollars.

Furthermore, allowing the Plaintiffs to amend their complaint will cause prejudice to the Defendant. Lastly, if the Plaintiffs are allowed to amend their complaint it will cause undue delay in this matter. Discovery is nearing the end. Defendants will be required to file a responsive pleading which will most likely be a motion to dismiss requiring a hearing. Additionally, since the new claim requests to invalidate the Defendants' patent, which is the bread and butter of its company, the Defendant must obtain an expert and request a claim construction hearing. This will certainly cause undue delay.

**II.     Legal Standard**

FED. R. Civ. P. Rule 15 governs amended and supplemental pleadings in federal actions. Generally, leave to amend is granted once as a matter of course if the opposing party has not filed a responsive pleading, or pursuant to stipulation. FED. R. CIV. P. Rule 15(a). The rule requires "leave shall be freely given when justice so requires." *Id.* This policy is to be applied with extreme liberality. Please see *Eminence Capital, LLC v. Spechler,* 316 F.3d 1048, 1051 (9th Cir. 2003). "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. Please see *Martinez v. Newport Beach City,* 125 F.3d 777, 785 (9th Cir. 1997) (citing *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989)).

However, where, as in this case, a case management scheduling order sets a deadline for amending pleadings and the deadline has passed, the liberal policy regarding amendment of pleadings no longer applies. Please see *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th Cir. 2000). Federal courts have routinely held where a motion to amend pleadings is filed after

3

scheduling order's deadline for amendment has passed, a two-step analysis is required; the movant must first demonstrate to court that it has good cause for seeking modification of scheduling deadline under FRCP 16(b), and if movant satisfies such good cause standard, it must then pass requirements for amendment of pleadings under FRCP 15(a).  Please see *Colorado Visionary Academy v Medtronic, Inc.* 194 FRD 684, 47 FR Serv 3d 353(2000, DC Colo), subsequent app, remanded 397 F3d 867 (2005, CA10 Colo).  Afterwhich, the burden shifts to the party opposing the amendment to show prejudice and trial court must inquiry into issue of prejudice to opposing party in light of particular facts of case.  Please see *Beeck v Aquaslide 'N' Dive Corp.* 562 F2d 537, 24 FR Serv 2d 1 (1977, CA8 Iowa).

  Specifically in the Ninth Circuit when determining whether the court should grant leave to amend, it must consider the factors of (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. Please see *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).  However, not all of the factors merit equal consideration: prejudice is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight."  Please see *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).  Additionally, the circuit has held that futility of amendment, by itself, can also justify the denial of a motion to amend. Please see *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995), cert. denied, 516 U.S. 1051, 116 S. Ct. 718, 133 L. Ed. 2d 671 (1996). Furthermore, "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."  Please see *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).  The Defendants will now address each of the factors and present to this Honorable Court why the

Plaintiffs' motion fails on all fronts.

### III. Plaintiffs' Amendment will Cause Prejudice to the Defendants.

The Plaintiffs have not demonstrated good cause to amend and such an amendment will prejudice the Defendants. The Plaintiffs seek to add a new and entirely different claim that will change the nature of the case and impact the discovery deadline. Furthermore, the Plaintiffs motion is untimely. The time for parties to amend has already past and the Plaintiffs bring their amendment in the ninth inning of the discovery process.

Federal courts are within their discretion to deny a parties leave to amend complaint after the responsive pleading where the motion for leave to amend was untimely under court's scheduling order, where plaintiff failed to justify delay in seeking to assert entirely new theory of liability which was inconsistent with original complaint, and where granting of motion to amend would have substantially prejudiced defendants. Please see *Parker v. Joe Lujan Enters., Inc.* (1988, CA9 Guam) 848 F2d 118; see also, *CREO Prods., Inc. v Presstek, Inc*. 148 F Supp 2d 416 (2001, DC Del), judgment entered 166 F Supp 2d 944, 45 UCCRS2d 397 (2001 DC Del).

In the case of *CNET Networks, Inc. v. Etilize, Inc.,* 584 F. Supp. 2d 1260; 2008 U.S. Dist. LEXIS 84981 (2008), the Honorable Marilyn Hall Patel in the United States District Court for the Northern District of California denied the movant's motion to amend for lack of good cause, prejudice to the non-movant party and futility.

In that case the Plaintiff CNET Networks, Inc. ("CNET") filed their action against defendant Etilize, Inc. ("Etilize"), alleging infringement of certain patents. Ironically, the patents generally related to methods and processes of compiling information about consumer products into catalogued databases for online merchants. Etilize then moved to amend its answer and counterclaims, to add an affirmative defense for inequitable conduct and new counterclaims for

5

fraud. Both motions were oppose by CNET. Ironically, CNET was a digital media company that provides customers with a central shopping portal from which they can search for product information and purchase products from a variety of vendors. On February 7, 2007, Etilize filed its original answer and counterclaims. On March 23, 2007, upon stipulation and leave of court, Etilize filed a first amended answer and counterclaims. On March 19, 2008, the court issued a stipulation and order modifying the case schedule and setting forth various deadlines, Etilize moved to amend its answer and counterclaims for a second time. Etilize alleged that new facts revealed through discovery established grounds to plead an affirmative defense for inequitable conduct and new counterclaims for fraud. *Id.* at 3-5.

In the case CNET's arguments based on lack of good cause and prejudice flow from Etilize's position that no further discovery would be required if the proposed amendments are granted. "The court finds Etilize's related allegation that CNET would not be prejudiced by a lack of further discovery on this issue because it could simply obtain necessary information from its employees and prosecuting attorneys absent formal discovery absurd." *Id.* at 20. The Court held that CNET would still require additional discovery to prepare and defend itself against such allegations." Please see *Id.* at 20. Furthermore, the Court held that the requested amendments are not proper because prejudice to CNET would result, Etilize has not demonstrated good cause, and Etilize has failed to show that it possesses sufficient facts to successfully plead its affirmative defense of inequitable conduct and its counterclaim with the required particularity. Please see *Id.* 18-21.

In the matter at hand the Plaintiffs are a global marketplace portal on the World Wide Web whereby the Plaintiffs sell memberships and member's products from which persons can search for product information and purchase products from a variety of members. On October 1,

6

2010, Plaintiffs filed a Complaint to seek Declaratory Judgment of Non-Infringement of the Defendants' patents. The Defendants counterclaimed for patent infringement. The Plaintiffs amended its complaint on December 22, 2010. On May 6, 2011, this Honorable Court issued a Case Management Order, setting the deadline for the parties to amend its pleadings as June 30, 2011. The fact discovery deadline is March 30, 2012, less than 40 days away. Trial is set to begin on June 28, 2012. The Plaintiffs delayed to depose the Defendant until December 15, 2011 and now based on "new information" the wish to have leave to amend their complaint.

      The Defendant, Pennington, holds a design patent. Please see *Exhibit A*. It is the Plaintiffs position based on their "new information "that the patent is based on functionality and not design. This is a stretch and simply not true. It doesn't take patent scientist to figure out that the Defendant's design patent for his "Blast Knuckle" was based on the well known design of what is commonly known as "brass knuckles." Please see *Exhibit B*. The Defendant based his original drawing of the product on brass knuckles. Please see *Exhibit C*. The finished product on which the Defendant owes the design patent embodies and is held like one would hold brass knuckles. Please see *Exhibit D*. The chicken did not come before the egg. Additionally, Pennington, in a sworn statement testifies to such a design. Please see Declaration, *Exhibit E*. Furthermore, page 66, lines 15-16, of Pennington's deposition taken by the Plaintiffs on December 15, 20111, Pennington states that the design was "designed similar to brass knuckles."

      If the Plaintiffs are granted leave to amend their complaint to include a claim to invalidate the Defendant's patent on his "Blast Knuckles" the Defendants would be forced to defends its patent which would change the nature of the suit. The Plaintiff claim that the Defendants would not need further discovery is absurd. The Defendants would be forced to file a motion for claim contentions, obtain an expert and have subsequent hearings. The Defendant

7

is a small company based in Little Rock, Arkansas. With the 40 days that remain to complete discovery the feat would be nearly impossible due to for sure scheduling conflicts of counsel and travel to and from Arkansas to California. The Defendants would be prejudiced. Additionally, the Plaintiffs do not possess the necessary facts to prevail on its claim of invalidity.

### IV.     Plaintiffs' Amended Should be Denied Based on Undue Delay.

Federal courts have addressed the question of undue delay focusing on movant's reasons for not amending sooner, the substantial or undue prejudice to non-moving party, and sufficient ground for denial of leave to amend. Please see *Cureton v. NCAA* 252 F3d 267, 49 FR Serv 3d 927 (2001, CA3 Pa). California courts have held that if the new claims, if added, require additional research and rewriting of trial briefs then the Defendants would be prejudiced due to the delay and increased expenses when the Defendants were relying on the timely close of discovery and a set trial date. Please see *McGlinchy v. Shell Chemical Co.* 845 F2d 802, (1988, CA9 Cal).

In the case of *j2 Global Communs., Inc. v. EasyLink Servs. Int'l Corp.*, 2011 U.S. Dist. LEXIS 46043, the Honorable Dean D. Pregerson in the United States District Court for the Central District of California held that if leave was granted to amend the complaint it would only cause undue delay. *Id.* at 2.

The Plaintiff j2 Global Communications, Inc.'s ("j2") filed a Motion for Leave to File a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a). *Id.* Originally j2 filed its action against Easylink in the U.S. District Court for the Eastern District of Texas alleging patent infringement. *Id.* The matter was later transferred to Central District of California. *Id.* The Defendant EasyLink did not participate in the early part of litigation. But, then came j2 requesting to amend its infringement claims against EasyLink to include a new patent claim.

8

Judge Pregerson held that, "if allowed it would require, at the very least, additional claim construction briefing, the court to reconsider its March 7, 2011 claim construction Order, and a supplemental Markman hearing and would produce undue delay in the litigation." *Id.* at 6. Additionally, Judge Pregerson, held, "in sum, to permit amendment now would produce an undue delay in the litigation and delay the operative trial schedule." *Id.* at 6-7.

Furthermore, the court held that j2 has delayed in bringing its motion to amend and the facts that prompted j2 to file its motion for leave to amend were readily available to j2 for at least four months before Plaintiff filed its motion. *Id.*

Likewise, if the Plaintiffs are granted leave to amend their complaint to include a claim to invalidate the Defendant's patent on his "Blast Knuckles" the Defendants would be forced to defend its patent would cause undue delay. The Defendants would be forced to file a motion for claim contentions, obtain an expert and have subsequent hearings. The Defendants, the counterclaimant for infringement, have worked discovery with the trial date in mind, including foreign discovery under the Hague Convention and traveling to Hong Kong, China for depositions. Granting Plaintiffs' leave to amend will surely cause undue delay.

**V.     Plaintiffs Bring Its Amendment with Bad Faith.**

In the case of *Alzheimer's Inst. of Am. v. Elan Corp*. PLC, 274 F.R.D. 272; 2011 U.S. Dist. LEXIS 33180; 79 Fed. R. Serv. 3d (Callaghan) 177, the Honorable Elizabeth D. Laporte in the United States District Court for the Northern District of California held the motion for leave to amend would not be granted due prejudice and undue delay. The opinion discussed the claim of bad faith.

Plaintiff Alzheimer's Institute of America, Inc. ("AIA") filed a Motion for Leave to Amend its First Amended Complaint to assert an additional patent against Defendant Jackson

9

Laboratories ("Jackson") pursuant to Federal Rule of Civil Procedure 15. *Id.* at 274 and 2. Jackson opposed the motion on grounds of undue delay, bad faith and prejudice. *Id.* In the parties' case management conference statement, the parties agreed that motions to amend would be filed no later than 50 days after the Court's issuance of its claim construction ruling. *Id.* at 275 and 5. AIA argues that the case is in its early stages, no discovery has been propounded and there is no discovery cutoff or trial date set, and the claim construction is five months from now and if the amendment is allowed, Jackson will have plenty of time to supplement its invalidity contentions. *Id.* at 276 and 9. Jackson argued that it would be prejudiced because the amendment will drive up the cost of litigation by forcing it to defend a weak claim. *Id.*

AIA delayed a month after the case management conference, while patent case management deadlines passed including, AIA's previous amendment of the complaint without adding this claim. *Id.* at 277 and 11. The Court held that the delay here was undue. *Id.* Jackson also opines that the motion to amend was brought in bad faith to pressure Jackson, a small non-profit defendant, into settlement by driving up the cost of litigation. *Id.* at 277 and 13.

Likewise in this matter the Defendant is a small company. The claim is made in bad faith to simply bully the Defendants in the litigation and to drive up the Defendants' litigation and travel costs. The Defendants are a small company formed by two men and have only twelve employees. The Defendants' gross sales barely approach five million dollars per year. The Plaintiffs know this. Every hearing requires the Defendant to travel to California from Little Rock, Arkansas. Whereby the Plaintiffs are a company owned partly by Yahoo with offices all over the world whose revenues are in the multi-millions of dollars.

Furthermore, if the Plaintiffs are allowed to amend their complaint it will cause undue delay in this matter. Discovery is nearing the end. Defendants will be required to file a

responsive pleading which will most likely be a motion to dismiss requiring a hearing. Additionally, since the new claim requests to invalidate the Defendants' patent, which is the bread and butter of its company, the Defendant must obtain an expert and request a claim construction hearing. This will certainly cause undue delay.

**VI.     Plaintiffs' Amendment is Futile and Should be Denied.**

In the case of *Optivus Tech., Inc. v. Ion Beam Applications S.A.*, 2004 U.S. Dist. LEXIS 30834. The Honorable S. James Otero in the United States District Court for the Central District of California held that the granting leave to amend would be futile. *Id.* at 13.

In the case the court had before it an *ex parte* Motion To Supplement Amended Answer filed by Defendant Ion Beam Applications S.A. ("Ion Beam"). *Id.* at 3. Ion Beam sought leave to Amend its Answer so that it could assert the additional defense of patent unenforceability due to alleged inequitable conduct based on new facts from a recent deposition. *Id.* at 7.

The court held Defendant has produced no evidence suggesting patentees are guilty of inequitable conduct, let alone "clear and convincing evidence." *Id.* at 12. Jude Otero stated, "accordingly, a desire to delay the instant proceeding appears to be the primary motivation of adding an inequitable conduct defense at this late stage. The court finds an amendment would be futile." *Id.* at 12-13.

Furthermore, in the case the discovery cut-off date and the motion cut-off date imposed by this court's scheduling had expired and the Plaintiffs would not have had an opportunity to conduct discovery on the issue, and would be unable to challenge the allegations of inequitable with a Motion for Summary Judgment. *Id.* at 13. Additionally, the opinion read that the Plaintiffs were ready to go ahead with trial. *Id.* Judge Otero also stated in the case, the

11

"Plaintiffs will be unreasonable prejudiced by the addition of such serious allegations so close to trial." *Id.*

Likewise the movants in the case at hand seek to amend based on new facts from a deposition. However, those facts do nothing to assist the Plaintiffs in proving the elements of their claim. As stated previously, the Defendant, Pennington, holds a design patent. Please see *Exhibit A*. It is the Plaintiffs position based on their "new information "that the patent is based on functionality and not design. This is a stretch and simply not true. The Defendant's design patent for his "Blast Knuckle" was based on the well known design of what is commonly known as "brass knuckles." Please see *Exhibit B*. The Defendant based his original drawing of the product on brass knuckles. Please see *Exhibit C*. The finished product on which the Defendant owes the design patent embodies and is held like one would hold brass knuckles. Please see *Exhibit D*. Furthermore, page 66, lines 15-16, of Pennington's deposition taken by the Plaintiffs on December 15, 20111, Pennington states that the design was "designed similar to brass knuckles." Based on the foregoing facts the Plaintiffs amended would be futile.

**VII. Conclusion.**

For the foregoing reasons this Honorable Court should deny the Plaintiffs' Motion for Leave to Amend.

    Most Respectfully,

    Chris H. Stewart (Ark. Bar No. 03-222)
    arklaw@comcast.net
    *Admission Pro Hac Vice*
    Stewart Law Firm
    904 Garland Street
    Little Rock, AR 72201
    Telephone: (501) 353-1364
    Facsimile: (501) 353-1263

    By: /s/ Chris H. Stewart

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

David Owens
**OWENS TARABICHI LLP**
111. N. Market St., Suite 730
San Jose, California 95113
Telephone: 408.298.8200
Facsimile: 408.521.2203

Attorneys for Defendants,
P.S. Products, Inc. and Billy Pennington

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that the foregoing was electronically sent to the following:

- Ryan Marton
  rmarton@fenwick.com

On this 23rd day of February, 2012.

By: /s/ Chris H. Stewart